**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

July 14, 2022

Steven L. Caponi, Esquire
Matthew B. Goeller, Esquire
K&L Gates LLP
600 N. King Street, Suite 901
Wilmington, DE 19801

Rudolf Koch, Esquire
John O'Toole, Esquire
Richards Layton & Finger P.A.
920 N. King Street
Wilmington, DE 19801

RE: Valhalla Partners II, LP., *et al*. v. Vistar Media, Inc.
C.A. No. 2019-0202-SG

Dear Counsel:

This brief Letter Opinion resolves the Plaintiffs' "Renewed Motion for Leave to File Second Amended Complaint."[1] The matter has been fully briefed.[2] For the reasons that follow, the motion is granted.

The action involves a dispute over the Plaintiffs' rights as holders of convertible notes (the "Notes"). The proposed amendment would present two new theories. One is that a "conversion event" affecting the Notes occurred in July 2021.[3]

---

[1] Pls.' Renewed Mot. for Leave to File Second Am. Compl., Dkt. No. 190 [hereinafter "Pls. Mot."].

[2] *See id.*; Def.-Countercl. Pl. Vistar Media, Inc.'s Opp'n to Pls.' Renewed Mot. for Leave to File Second Am. Compl., Dkt. No. 194 [hereinafter "Opp'n"]; Pls.' Reply Supp. Renewed Mot. for Leave to File Second Am. Compl., Dkt. No. 196.

[3] Pls. Mot. at 5.

The Defendant has not specifically opposed this amendment,[4] and consistent with this Court's liberal amendment policy,[5] the proposed amendment is permitted.

More problematic is the Plaintiffs' proposal to add a claim for reformation of the Notes. The Plaintiffs had earlier proposed an amendment raising this claim,[6] which I found to lack any pleading specificity as required to justify reformation.[7] Accordingly, I denied the amendment as futile, without prejudice to the Plaintiffs' seeking to renew the motion with a more particularized pleading.[8] They have done so here.

The Defendant again opposes the amendment on grounds of futility.[9] They suggest that I apply, essentially, a motion-to-dismiss analysis here. I decline to do so, noting that the pleadings have been supplemented so that the Defendant is aware of the factual circumstances that the Plaintiffs will rely on to substantiate that reformation is justified. In other words, the Defendant is on notice of the claim that it must defend. The notice pleading function is satisfied, and I decline to convert the response to a motion to dismiss given the state of litigation, which is far advanced.

---

[4] *See generally* Opp'n.
[5] *See, e.g.*, *Houseman v. Sagerman*, 2022 WL 598977, at *3 (Del. Ch. Mar. 1, 2022) (citations omitted).
[6] *See* Pls.' Mot. for Leave to File a Second Am. Compl., Dkt. No. 103.
[7] 2-24-2021 Oral Arg. Regarding Pls.' Mot. to Amend and the Ct.'s Ruling, Pls.' Mot. to Compel Produc. of Docs., and Pls.' Mot. to Compel Docs. Withheld as Privileged 31:1–32:11, Dkt. No. 124.
[8] *See id.*
[9] *See* Opp'n 6–14.

The latter fact underscores the Defendant's second ground for objection: undue delay and resulting prejudice.[10] It is true that the amendment comes late in the process, and that discovery has closed.[11] This must be balanced against the overarching purpose of the Court, which is to do justice on a full record. Cogent here is that the Defendant was aware of the reformation theory via the initial motion to amend, which sought to add reformation to the complaint.[12] The parties dispute whether, subsequently, the matter of reformation was adequately addressed in discovery.

In my view, the outcome most consistent with justice is to allow the amendment to the complaint, and to (1) allow the Defendant—to the extent it finds it appropriate—to seek leave to reopen discovery, which shall be granted upon a showing that the amendment so requires, and (2) to allow the Defendant to seek to shift fees for discovery costs that would have been avoided had the Plaintiffs acted with appropriate alacrity. I note that any such latter request will require a showing that (1) delay was unreasonable, (2) the Defendant was not on notice of the need for the discovery, and (3) avoidable costs were incurred, accordingly.

---

[10] *Id.* at 5–6.

[11] *Id.* at 1.

[12] *See, e.g.*, Pls.' Mot. for Leave to File a Second Am. Compl., Dkt. No. 103.

To the extent the foregoing requires an order to take effect, IT IS SO ORDERED. An order permitting the amendment is attached.

Sincerely,

/s/ Sam Glasscock III

Vice Chancellor

4

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

Valhalla Partners II, L.P., James J. Pallotta, Great Oaks Venture Fund LP, Scott Becker, Advancit Capital I, LP, Eniac Ventures II, L.P., Eniac Ventures, L.P., DFJ Mercury II, L.P., DFJ Mercury II Affiliates Fund, L.P., Occam's Razor, LLC, Gordon Su, Brent Buntin, Ocean Assets LLC, Draper Associates Riskmasters III, LLC, and Robert Horwitz,

Plaintiffs/Counterclaim Defendants,

v.

Vistar Media, Inc.,

Defendant/Counterclaim Plaintiff.

C.A. No. 2019-0202-SG

## ORDER

This 14th day of July 2022, upon consideration of the Renewed Motion for Leave to File Second Amended Complaint (the "Motion") filed by Plaintiffs Valhalla Partners II, L.P., James J. Pallotta, Great Oaks Venture Fund LP, Scott Becker, Advancit Capital I, LP, Eniac Ventures II, L.P., Eniac Ventures, L.P., DFJ Mercury II, L.P., DFJ Mercury II Affiliates Fund, L.P., Occam's Razor, LLC, Gordon Su, Brent Buntin, Ocean Assets LLC, Draper Associates Riskmasters III, LLC, and Robert Horwitz ("Plaintiffs"), and finding good cause for the relief sought therein, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED; and

2. Plaintiffs shall file the amended pleading, which was attached as Exhibit A to the Motion, within 3 business days of entry of this Order.


/s/ Sam Glasscock III
Vice Chancellor Sam Glasscock III